IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALFONSO MCGEE,
# 08938-025,

**Petitioner,**

vs.                                      Case No. 14-cv-00149-DRH

JAMES N. CROSS,

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, who is currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Specifically, petitioner argues that his First Amendment right to access the courts was denied when his petition under 29 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. (Doc. 1) He seeks reinstatement and/or reconsideration of his § 2255 motion, complete with an evidentiary hearing as prescribed in § 2255(b). In the present motion, petitioner does not otherwise attack his conviction, sentence, or the duration of his confinement.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be **DISMISSED** with prejudice.

## Procedural History

On April 15, 2011, petitioner pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). *See United States v. McGee*, No. 10-cr-30241-MJR, Doc. 24. The United States District Court for the Southern District of Illinois accepted the plea. On September 16, 2011, petitioner was sentenced to a term of 151 months in prison, to be followed by 3 years of supervised release; petitioner was also ordered to pay a fine of $750 and a $100 special assessment. *McGee*, No. 10-cr-30241, Doc. 29. As part of his plea agreement, petitioner waived his right "to contest any aspect of his conviction and sentence" unless "the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court." *McGee*, No. 10-cr-30241, Doc. 24, p. 10. Petitioner did not file a direct appeal. However, on November 14, 2011, petitioner moved for retroactive application of the Sentencing Guidelines for crack cocaine offenses, pursuant to 18 U.S.C. § 3582(c). *McGee*, No. 10-cr-30241, Doc. 34. The court held, in pertinent part:

> Although § 2D1.1 was amended, that guidelines section was not used to sentence McGee. Rather, because McGee qualified as a Career Offender, §4B1.1(a) was utilized, raising the offense level to 32. The recent amendments to Section 3582(c)(2) did not alter § 4B1.1(a). Consequently, McGee's guideline range cannot be lowered by the retroactive amendment. Relief under Section 3582 is not available when a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

*McGee*, No. 10-cr-30241, Doc. 42. Accordingly, the court denied petitioner's motion.

On July 25, 2012, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See McGee v. United States*, No. 12-cv-00846-MJR, Doc. 1. The thrust of petitioner's motion was that he was denied effective

assistance of counsel in multiple respects, all related to his categorization as a "career offender" and the resulting sentence. The court dismissed petitioner's § 2255 motion without a hearing and without a response from the government, on the grounds that petitioner, as part of his plea agreement, had waived his right to collaterally attack his conviction or sentence. The court considered applicable exceptions in the law related to waiver of appeal and collateral review rights, but came to the conclusion that no exception to the rule applied in petitioner's case. *McGee*, No. 12-cv-00846, Doc. 7.

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking the court's denial of his § 2255 motion without affording him a hearing.

### Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v.*

*Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that a petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention."  *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'"  *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).  Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime, or that he has a legal theory establishing his actual innocence which he could not have presented in his § 2255 proceeding.  Instead, he merely attacks the trial court's handling of his § 2255 motion.  This claim does not fall within the "savings clause" of § 2255(e), and § 2241 cannot provide him with the relief he seeks.

This Court does not see any error in the trial court's determination that, after reviewing the record and the motion filed by petitioner, it could rule on petitioner's § 2255 motion without an evidentiary hearing.  By the terms of the statute itself, no hearing is required if the court determines that "the motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Further, if a hearing is conducted, the court has the authority to "entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c).

The court's order dismissing petitioner's § 2255 motion thoroughly analyzed petitioner's claims, petitioner's plea agreement, and the relevant case law. *See McGee*, No. 12-cv-00846, Doc. 7. Based on this analysis, the court determined that petitioner was not entitled to relief under § 2255. Having reached this conclusion, the court was not required to hold a hearing on petitioner's claims under the provisions of § 2255(b).

Section 2255(b) does not create a right to a "mandatory hearing." Further, the court's disposition of the motion did not violate petitioner's First Amendment right to petition the court for redress. His claims were fully considered as contemplated in § 2255. Aside from petitioner's complaint that the court should have held a hearing on his motion, he does not allege that the court erred in any of its legal conclusions as to the merits of his claims, nor does he indicate how the outcome of his § 2255 motion might have differed if a hearing had been ordered.

A habeas petition under § 2241 is not a substitute for an appeal, and petitioner's present claim is not rooted in a structural defect in the § 2255 procedure that precluded him from raising his claims for relief through a § 2255 motion. Therefore, his claim cannot be addressed in a habeas action under § 2241, and his petition shall be dismissed.

**Conclusion**

Petitioner has not demonstrated that the § 2255 procedure was structurally inadequate to adjudicate his claims. Consistent with *In re Davenport*, petitioner cannot raise his present claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir.

1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 3) remains pending and will be addressed in a subsequent order.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 26th day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.26 06:50:56 -06'00'

**Chief District Judge**